IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN PETER THOMA, | ) | CIVIL NO. 11-00316 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| FINANCE FACTORS, LTD., ET AL., | ) | |
| Defendants. | ) | |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT AND
## EMERGENCY REQUEST FOR RESTRAINING ORDER UNDER ADMIRALTY LAW

Before the Court is pro se Plaintiff John Peter Thoma's ("Plaintiff") Complaint and Emergency Request for Restraining Order under Admiralty Law ("Motion"), filed May 16, 2011. Defendants Finance Factors, Ltd., Eric Tsugawa, Esq., and Christopher Muzzi, Esq. (collectively "Finance Factors Defendants"), filed their memorandum in opposition on May 27, 2011. Defendants the Honorable Shackley F. Raffetto, the Second Circuit Court, State of Hawai'i, the Honorable Ronald Ibarra, the Third Circuit Court, State of Hawai'i, and Robert Triantos, Esq. (collectively "State Defendants"), filed their memorandum in opposition on June 2, 2011. Plaintiff filed a reply on June 13, 2011, and submitted additional documents in court on June 20, 2011. This matter came on for hearing on June 20, 2011. Appearing on behalf of the Finance Factors Defendants were Eric Tsugawa, Esq., and Jason Woo, Esq., and appearing on behalf

of the State Defendants was Robyn Chun, Esq.  Plaintiff appeared pro se.  After careful consideration of the Motion, supporting and opposing documents, and the oral arguments, Plaintiff's Complaint and Emergency Request for Restraining Order under Admiralty Law is HEREBY DISMISSED WITHOUT PREJUDICE.

**BACKGROUND**

I. **Plaintiff's Motion**

The Motion seeks to halt two state court foreclosure actions initiated by Finance Factors against Plaintiff.  Finance Factors is represented in those actions by Defendants Tsugawa and Muzzi.  [Finance Factors Mem. in Opp., Decl. of Counsel at ¶ 3.]  The Honorable Shackley Raffetto presided over the Second Circuit case, Civ. No. 10-14-0409(2), and the Honorable Ronald Ibarra presided over the Third Circuit case.  Defendant Triantos is the court-appointed receiver in the Third Circuit foreclosure action.

Plaintiff alleges that Finance Factors, as lender, fraudulently induced him to borrow money, grant it a security interest in his real property, and sign a Deed of Trust. [Motion at 3.]  Plaintiff faults Finance Factors for not lending its own money and for selling his note and/or mortgage.  [Id. at 5.]  Plaintiff also alleges that Finance Factors' attorneys, Defendants Tsugawa and Muzzi, "have a history of fraud, [c]onspiracy and racketeering, trespassing by their own admission, and claims against them for [m]illions of [d]ollars."

2

[Id. at 2.] The Motion does not identify the specific properties in question or the particular conduct that was allegedly fraudulent. Plaintiff appears to allege claims for fraudulent inducement, fraudulent misrepresentation, unjust enrichment, and that the notes and/or mortgage are unconscionable and non-binding, but Plaintiff does not provide a coherent factual narrative corresponding to these causes of action. [Id. at 3-5.]

The Motion asks the Court for the following relief: (1) issuance of a restraining order against all Defendants to prevent the sale of Plaintiff's property; (2) a declaration that the Second and Third Circuit judgments are void for lack of jurisdiction; (3) an order requiring Defendants to produce the "Original Mortgage Note" and "the Title Page that shows whether or not the mortgage has been satisfied"; (4) an order finding that the note has been paid, and granting Plaintiff quiet title to the property; (5) issuance of criminal charges against "all third party defendants" for fraud, racketeering, and conspiracy; (6) sanctions against Defendants Tsugawa and Muzzi, including disbarment; and (7) issuance of arrest bonds "of all public third party defendants in these cases." [Id. at 8.]

Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1333(1), and states that he is "standing in my unlimited commercial liability as a Secured Party Creditor and request that the Third Party Defendants do the same." [Id. at 1.] Plaintiff

3

avers generally that he has been denied due process and that Defendants have "conspired to defraud Plaintiff of his property a violation of [18] U.S.C 241 and 242[.]"  [Id. at 2.]

## II. Finance Factors' Memorandum in Opposition

The Finance Factors Defendants argue that the Court should deny the Motion because: (1) Plaintiff is not entitled to an injunction under admiralty law; and (2) Plaintiff has not established that he is entitled to an injunction under the four factors set forth in Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 347 (2008).

### A. Admiralty Jurisdiction

The Finance Factors Defendants argue that Plaintiff does not assert any facts that would subject this case to the Court's admiralty jurisdiction.  There are no allegations relating to admiralty or maritime issues, including vessels on navigable waters.  They claim that there is no admiralty basis upon which to grant the Motion, and therefore, it must be denied. [Mem. in Opp. at 4-5.]

### B. Requirements for Temporary Restraining Order

Next, they argue that Plaintiff fails to establish the prerequisites for a temporary restraining order or a preliminary injunction.  According to the Finance Factors Defendants, Plaintiff is not likely to succeed on the merits because the Motion does not provide specific facts supporting his conclusory

4

allegations. For example, Plaintiff does not provide any of the contested contracts or mortgages, information regarding when the foreclosure sales occurred or are scheduled to occur, or what conduct forms the basis for his fraud claims. [Id. at 6.]

The Finance Factors Defendants also argue that there is no imminent irreparable harm, and Plaintiff fails to present any facts or argument with respect to the balance of equities or the public interest. [Id. at 8.]

**III. State Court Defendants' Memorandum in Opposition**

The State Defendants assert that the Court should deny the Motion because: (1) the Court does not have subject matter jurisdiction over this matter; (2) the claims against the judges are barred by absolute judicial immunity; and (3) the claims against Defendant Triantos are barred by the doctrine of quasi-judicial immunity.

**A. Lack of Subject Matter Jurisdiction**

The State Defendants argue that the instant action is purely a collateral attack on the two state court proceedings, and that this Court lacks jurisdiction to review those proceedings under the Rooker-Feldman doctrine. The state court foreclosure actions could not have been brought originally in federal court, and cannot be appealed to this Court, they argue. [Id. at 7-9.]

**B.    Judicial Immunity**

Next, the State Defendants argue the claims against Judges Raffetto and Ibarra are barred by the doctrine of absolute judicial immunity.  The allegations against the judges arise from their actions taken in their official capacities as state court judges.  The judges are absolutely immune from suit for such actions, unless committed in the clear absence of jurisdiction.  Although Plaintiff alleges the state courts were without subject matter jurisdiction, the State Defendants explain that lack of subject matter jurisdiction is not the same as acting "in excess of jurisdiction" or "in the absence of jurisdiction."  [Id. at 10.]  In this case, the State Defendants argue that the Judges were acting within their statutorily prescribed jurisdiction over the foreclosure of mortgages pursuant to Haw. Rev. Stat. §§ 603-21.7 and 667-1.  [Id. at 10-11.]

**C.    Quasi-Judicial Immunity**

Finally, the State Defendants assert that the claims against Defendant Triantos are barred by the doctrine of quasi-judicial immunity because the allegations against him, albeit vague, relate solely to his role as the court-appointed foreclosure commissioner authorized to sell the properties.  They argue that court-appointed foreclosure commissioners act as an arm of the court, pursuant to court order, and serve a function that is essential to the judicial process.  [Id. at 11-13.]

**IV. <u>Plaintiff's Reply</u>**

Plaintiff references real property on the Big Island and Maui, which appear to be the subject properties of the state court foreclosure actions: 75-5706 Kalawa St., Units 1-12, Kailua-Kona, HI 96740; and 310 Ohukai Rd., Units 308 & 309, Kihei, HI, 96753. [Dkt. no. 14-2.]

Plaintiff purports to be the "secured party creditor and trustee third party intervener for the legal fiction JOHN PETER THOMA." [Reply at 2.] With respect to this Court's jurisdiction, Plaintiff states that, "I have as trustee petitioned this court in Admiralty as the appropriate forum to deal with my claims in commerce." [<u>Id.</u>] He requests that the Court not consider the oppositions filed by Defendants because "the captions on the motions submitted address a federal district Court not a court in Admiralty, as Plaintiff has already contracted in Admiralty." [<u>Id.</u> at 3.]

**<u>DISCUSSION</u>**

Plaintiff is appearing pro se; consequently, this Court will liberally construe his pleadings. <u>See</u> <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam))).

## I. Admiralty Jurisdiction

At the June 20, 2011 hearing, Plaintiff persisted in his argument that this Court, sitting in admiralty, has jurisdiction over this action "*in rem*"[1] pursuant to 28 U.S.C. § 1333, which states:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
> (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

As the Court explained at the June 20, 2011 hearing:

> Admiralty jurisdiction is historically a limited jurisdiction. . . .
>
> The dividing line between cases maritime and non-maritime is not always clearly marked. It is believed that a sure guide, in matters of contract, is to be found in the relation which the

---

[1] To the extent Plaintiff argues that this is a proceeding *in rem*, he is mistaken. "A proceeding *in rem* in the admiralty is one against the vessel as the offending thing. The vessel may be held liable even in the absence of the liability, *in personam*, of the vessel owner." Cactus Pipe & Supply Co., Inc. v. M/V Montmartre, 756 F.2d 1103, 1112 (5th Cir. 1985) (footnote omitted); see also Cal. v. Deep Sea Research, Inc., 523 U.S. 491, 501 (1998) (*In rem* jurisdiction is based on the theory that the "thing is itself treated as the offender and made the defendant by name or description."). Further, despite his contrary claims, Plaintiff, a natural born person, is not a "vessel" for purposes of admiralty jurisdiction. See, e.g., Stewart v. Dutra Const. Co., 543 U.S. 481, 489 (2005) ("[t]he word 'vessel' includes every description of water-craft or other artificial contrivance used, or capable of being used, as a means of transportation on water") (citation omitted).

<mark>8</mark>

>   cause of action has to a ship, the great agent of
>   maritime enterprise, and to the sea as a highway
>   of commerce.

Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1270 (D. Hawai‘i 2005) (alteration in Hawaii Stevedores, Inc.) (quoting Clinton v. Int'l Org. of Masters, Mates & Pilots of America, 254 F.2d 370, 372 (9th Cir. 1958)); see also Ventura Packers, Inc. v. F/V JEANINE KATHLEEN, 305 F.3d 913, 917 (9th Cir. 2002) ("Though not confined to vessels, admiralty naturally centers around them, as the great agents of maritime affairs.").

Although unclear, it appears Plaintiff alleges both tort and contract claims against the various Defendants. First, to the extent his claims sound in tort, he has not established that this Court has admiralty jurisdiction over those claims.

> "[A] party seeking to invoke federal admiralty
> jurisdiction pursuant to 28 U.S.C. § 1333(1) over
> a tort claim must satisfy conditions both of
> location and of connection with maritime
> activity." Grubart v. Great Lakes Dredge & Dock
> Company et al., 513 U.S. 527, 534, 115 S. Ct.
> 1043, 1048, 130 L. Ed. 2d 1024 (1995). The test
> for locality is "whether the tort occurred on
> navigable water or whether injury suffered on land
> was caused by a vessel on navigable water." Id.
> The test for connection with a maritime activity,
> also called the "nexus test," involves two parts.
> First, a court is required to "assess the general
> feature of the type of incident involved, to
> determine whether the incident has a potentially
> disruptive impact on maritime commerce." Id.
> (quoting Sisson v. Ruby, 497 U.S. 358, 363-64 n.2,
> 110 S. Ct. 2892, 2896, 111 L. Ed. 2d 292 (1990)
> (internal quotations omitted)). Second, the court
> must determine "whether the general character of
> the activity giving rise to the incident shows a
> substantial relationship to traditional maritime

> commerce." Grubart, 513 U.S. at 539, 115 S. Ct.
> at 1051 (quoting Sisson, 497 U.S. at 365, 364 n.2,
> 110 S. Ct. at 2897, 2896 n.2).

White v. Sabatino, 526 F. Supp. 2d 1143, 1153 (D. Hawai'i 2007).

There is no allegation that any tort occurred on or was caused by a vessel on navigable water, or that the conduct alleged is in any way related to traditional maritime commerce.

Second, to the extent his claims sound in contract, Plaintiff fails to establish that this Court has admiralty jurisdiction over those claims. As explained by the Ninth Circuit:

> [A] contractual claim gives rise to Section 1333 admiralty jurisdiction when the underlying contract is "maritime in nature." Norfolk S. Ry. Co. v. James N. Kirby, 543 U.S. 14, 26, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004). To make this determination, we must examine a contract to determine "whether the principal objective of a contract is maritime commerce." Id. at 25, 125 S. Ct. 385. In adopting this framework, the Supreme Court rejected the longstanding "spatial approach" to determining the maritime nature of contracts. Id. at 24-25, 125 S. Ct. 385. The Court instead held that a "conceptual approach" was needed because modern maritime commerce "is often inseparable from some land-based obligations." Id. at 25, 125 S. Ct. 385. The conceptual approach acknowledges this modern reality by examining whether the contract references "maritime service or maritime transactions." Id. at 24, 125 S. Ct. 385 (quoting N. Pac. S.S. Co. v. Hall Brothers Marine Ry. & Shipbuilding Co., 249 U.S. 119, 125, 39 S. Ct. 221, 63 L. Ed. 510 (1919)).

ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 967 (9th Cir. 2010). Although the various mortgages and notes that

are the subject of this matter are not before the Court, there is no allegation or evidence that the mortgages, which relate to real property, reference maritime commerce, service, or transactions.

The Court FINDS that Plaintiff does not provide an independent basis for admiralty jurisdiction.

## II. **Subject Matter Jurisdiction**

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). Even when liberally construed, the pleadings do not allege any facts giving rise to federal question or diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332. Plaintiff's allegations of fraud, conspiracy, unjust enrichment, and unconscionability do not appear to state actionable federal claims.[2] Further, at the hearing, Plaintiff insisted that this Court had jurisdiction in admiralty, and that he did not seek

---

[2] The Motion states that Defendants have "conspired to defraud Plaintiff of his property a violation of [18] U.S.C 241 and 242[.]" [Motion at 2.] These statutes, however, are federal criminal statutes and there is no private civil right of action under either section 241 or 242. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). As such, Plaintiff lacks standing to initiate criminal charges against Defendants because Plaintiff is not, for instance, a United States Attorney or federal prosecutor. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Accordingly, Plaintiff has failed to state a claim for which relief may be granted with respect to his claims asserted under 18 U.S.C. §§ 241 and 242, and he has not established federal question jurisdiction pursuant to 28 U.S.C. § 1331.

relief on any other basis.

Although Defendants have not filed a motion to dismiss for lack of subject matter jurisdiction, the Court has an obligation to ensure that it has jurisdiction over the claims raised by the parties, and may raise this issue sua sponte. Indeed, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See also Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."); Williams v. United Airlines, Inc., 500 F.3d 1019, 1021 (9th Cir. 2007) ("[W]e are 'obliged to raise questions of the district court's subject-matter jurisdiction sua sponte.'" (quoting Hart v. United States, 817 F.2d 78, 80 (9th Cir. 1987))).

In a case in which a pro se plaintiff has paid the filing fee for commencing an action, this Court would not ordinarily dismiss a complaint without giving the plaintiff an additional opportunity to demonstrate that federal jurisdiction exists. Thus, this Court, if it questioned subject matter jurisdiction even in the absence of a defendant's motion to dismiss, would ordinarily issue an order to show cause, directing the plaintiff to file papers demonstrating jurisdiction and setting a hearing on the matter. See Erum v. County of Kauai,

Civil No. 08-00113 SOM-BMK, 2008 WL 611804, at *1-2 (D. Hawai'i Mar. 6, 2008). In seeking a temporary restraining order, however, Plaintiff asks this Court to issue immediate relief. To avoid rendering the relief moot through judicial delay, this Court quickly assesses its jurisdiction. See id. The Court FINDS that Plaintiff has not met his burden of proving the actual existence of subject matter jurisdiction.

The Court sua sponte DISMISSES Plaintiff's Complaint and Emergency Request for Restraining Order under Admiralty Law WITHOUT PREJUDICE. Plaintiff is GRANTED leave to file an amended complaint properly alleging this Court's subject matter jurisdiction by **July 12, 2011**. If Plaintiff amends his complaint, he may file another motion for a temporary restraining order.[3] If no amended complaint is filed by **July 12, 2011**, this action will be dismissed with prejudice.

Given the dismissal of the Complaint for lack of subject matter jurisdiction, the Court does not address the merits of the Motion.

## CONCLUSION

On the basis of the foregoing, Plaintiff John Peter Thoma's Complaint and Emergency Request for Restraining Order

---

[3] Pursuant to Rule LR10.2(g) of the Local Rules of Practice of the United States District Court for the District of Hawai'i, an "application for a temporary restraining order or preliminary injunction shall be made in a document separate from the complaint."

under Admiralty Law, filed May 16, 2011, is HEREBY DISMISSED WITHOUT PREJUDICE.  Plaintiff may file an amended complaint on or before **July 12, 2011**.  If Plaintiff amends his complaint, he may file another motion for a temporary restraining order.  The Court CAUTIONS Plaintiff that, if he does not file an amended complaint by **July 12, 2011**, this Court will amend this order to dismiss all of Plaintiff's claims with prejudice.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, June 28, 2011.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**JOHN PETER THOMA V. FINANCE FACTORS, LTD., ET AL; CIVIL NO. 11-00316 LEK-RLP; ORDER DISMISSING PLAINTIFF'S COMPLAINT AND EMERGENCY REQUEST FOR RESTRAINING ORDER UNDER ADMIRALTY LAW**