IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JOHN PETER THOMA, | ) | CIVIL NO. 11-00316 LEK-RLP |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| FINANCE FACTORS, LTD., ET AL., | ) | |
| Defendants. | ) | |

**ORDER DISMISSING CASE WITH PREJUDICE**

On June 29, 2011, the Court entered an order dismissing pro se Plaintiff John Peter Thoma's ("Plaintiff") Complaint and Emergency Request for Restraining Order under Admiralty Law, filed May 16, 2011 ("Order"). [Dkt. no 18.] The Order granted Plaintiff until July 12, 2011 to file an Amended Complaint. The Court subsequently granted Plaintiff until August 15, 2011 to file his Amended Complaint in an August 1, 2011 entering order. [Dkt. no. 22.] The Court's August 1, 2011 entering order also cautioned Plaintiff that, if he did not file an Amended Complaint by August 15, 2011, the Court would dismiss this case with prejudice.

Plaintiff did not file an Amended Complaint by August 15, 2011 as ordered by the Court.

On August 16, 2011, Plaintiff filed a "Statement" [dkt. no. 24,] purporting to "return" the Court's August 1, 2011

entering order [dkt. no. 22]. The Statement indicates that Plaintiff has returned the Court's August 1, 2011 entering order, "counteroffer as 'DEFICIENT'. Counter offer not accepted[.]" The remainder of the Statement is unintelligible and does not conform to any proper filing as required by the Federal Rules of Civil Procedure or the Local Rules of this district court. The Court has instructed Plaintiff on several occasions that his pro se status does not excuse him from complying with the procedural or substantive rules of the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Federal Rule of Civil Procedure 16(f)(1) provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> . . . .
> (C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A)(v) provides that the court may "dismiss[] the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiff failed to obey the Court's August 1, 2011 order. After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, the defendants will not be prejudiced by dismissal, and there are no less drastic alternatives available at this time.

       In accordance with the foregoing, the case is HEREBY DISMISSED WITH PREJUDICE.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAII, August 22, 2011.



      /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**JOHN PETER THOMA V. FINANCE FACTORS; CIVIL NO. 11-00316 LEK-RLP; ORDER DISMISSING CASE WITH PREJUDICE**

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).